FITZHUGH v. EVERINGHAM, survivor, &c.

A party at law, who wants the production of books, accounts or letters to aid him, should (under the statute) apply to the court in which the action is brought. As such court can order the production of them, equity will not entertain a bill of discovery for the purpose.

This court will not uphold a bill of discovery, unless there is a clear necessity for it. If, besides the mere production and disclosure of written instruments, the bill seeks to elicit facts within the personal knowledge of the opposite party and which cannot otherwise be proved, this court will entertain such a bill.

Bill of discovery, in aid of an action at law; and to which demurrers were taken to distinct parts, but covering the whole of the discovery sought.

The object of the discovery (in aid of the action) was to countervail the defence, of which the defendant had given notice, with his plea, he meant to set up and prove on the trial in bar.

*January 13, 1836.*

*Bill of discovery.*
*Demurrer.*
*Jurisdiction.*

The action had been brought by the complainant, as endorsee of three several bills of exchange, against the defendant as acceptor. The bills had been drawn by one Warham, who afterwards died. The defence intended to be set up, according to the notice, was in substance that Warham made purchases of property as agent for and on account of the complainant, which came to the complainant's possession; and in payment for such purchases, drew the bills in question on the defendant, who accepted the same upon the promise or assurance of Warham, as such agent, that the complainant would furnish the defendant with the necessary funds or property to sell on commission and from which he could realize money to meet his acceptances. That the complainant, not having furnished the defendant with funds or means to pay the bills according to the promise of Warham, as agent of the complainant, and the defendant having received no value for the same, being merely an accommo-

dation acceptor, suffered the bills to remain unpaid; whereupon the complainant was threatened, by the payees, with suits founded upon the original consideration for which the bills were drawn (being the principal and, as such, liable for the acts of his agent Warham) and then went forward and paid the bills, took them up and brought his suit at law against the defendant as acceptor.

The bill alleged that in the years one thousand eight hundred and thirty-one and one thousand eight hundred and thirty-two, the defendants were the agents and consignees of Warham in receiving from him property to sell on commission; and that he shipped and consigned to them large quantities of produce for sale—and also sent them money and drafts to be placed to his credit, and they were in the habit of making advances to him and of accepting his drafts. And at the time of Warham's death, the defendants were largely indebted to him. That there was still property or the proceeds of property belonging to Warham of a large amount in the defendant's hands; and when the bills of exchange in question became due and payable, the defendants were in funds belonging to Warham sufficient to have taken them up; and that the defendants ought to have done so. Also, that Warham, at the time of his death and when the action at law was commenced, was indebted to the complainants in a sum larger than the aggregate amount of the three bills of exchange upon which his suit was brought. The bill sought a discovery of the state of the accounts between the defendants and Warham; and alleged " that if such discovery is made, it will appear either that the bills were accepted by defendants as advances on merchandize for Warham or in payment of the proceeds of sales of produce for him or that the state of the accounts will show that the defendants were in funds of said Warham to take up their said three acceptances." It also prayed that the defendants might set forth and discover whether they received any letters of advice from Warham on his drawing the three bills of exchange; and if so, that they might annex to their answer full, true and correct copies thereof. There was, however, no charge or allegation in the bill of even the

complainant's belief that any such letters of advice were written.

Mr. *T. Fessenden*, in support of the demurrer.

Mr. *J. W. Gerard*, for the complainant.

THE VICE-CHANCELLOR:—Where it would be proper in this court, upon a bill for the purpose of discovery, to compel a discovery of books, papers and documents in the adversary's possession, to aid in the prosecution or defence of a suit at law, it will be proper, in the Supreme Court, to compel the same thing in suits depending before that court. They now have the same power, by statute, which this court has been accustomed to exercise; and it can be exerted there in a more summary manner and with less expense to the parties: 2 R. S. 199, § 21, to 27. Here, the object of the bill is the production and discovery of books, accounts and letters of advice, alleged to be in the defendant's possession and material for the complainants to have, in order to overthrow a defence which the defendant means to set up on the trial at law. There is nothing else in the discovery sought material or necessary for the complainant to have, except the accounts and letters, if any—and these he might obtain in the suit at law upon a petition to the court in which it is commenced or to any one of the judges of it.

There is, consequently, no necessity for a bill of discovery in this court for such a purpose. It is true, the statute has not taken away the jurisdiction of this court to compel discovery by vesting a court of law with a similar power; but it is a rule here not to entertain a bill of discovery where there is not a clear necessity for it, although at the expense of the party who files the bill: Jeremy's E. Jur. 265; *Leggett* v. *Postley*, 2 Paige's C. R. 601. He may sometimes be unable to pay the costs; and possibly die before they are payable. The defendant, from various other circumstances, may he subjected to loss of costs. Hence the liability to pay costs is not a sufficient reason why a defendant should always be compelled to answer such a bill.

If, besides the mere production and disclosure of written instruments, the bill seeks to elicit facts within the personal knowledge of the opposite party and which cannot otherwise be proved, this court will, of course, compel it here: because the court of law has not power to such an extent. But the present is a case where only books, accounts and letters are required to be produced; and I consider the complainant should be left to seek for their disclosure by the power of the court of law.

This renders it unnecessary for me to examine the particular grounds of demurrer and the various points taken in support of it. I think the bill, which is for discovery only, is entirely unnecessary; and that the demurrer must be allowed.

Order, allowing demurrer; and dismissing the bill, with costs.